[Cite as *State v. Brown*, 2024-Ohio-2895.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwing, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STANLEY BROWN, | : | Case No. 2023 CA 0041 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Richland County
                                Court of Common Pleas, Case No.
                                2015-CR-0698

JUDGMENT:                       Vacated

DATE OF JUDGMENT:               July 31, 2024

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JODIE M. SCHUMACHER                     BRYON D. CORLEY
Prosecuting Attorney                    3 North Main Street, Suite 602
38 S. Park Street                       Mansfield, Ohio 44902
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    The appellant appeals the trial court's decision denying his motion to vacate post release control sanctions and re-imposing five years of post release control at a hearing conducted after his release from prison. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    On June 7, 2016, a jury found the appellant guilty of Aiding or Abetting Rape in violation of R.C. § 2907.02(A)(1)(c), a first-degree felony. On June 13, 2016, the trial court conducted a sentencing hearing at which the appellant was sentenced to a mandatory seven-year prison term and, pursuant to R.C. 2950.01, classified as a Tier III sex offender. In addition to his prison sentence and sex offender classification, the trial court imposed post release control sanctions upon the appellant, stating "You have five years mandatory Post Release Control." The trial court did not inform the appellant of the requirements of post release control, nor of the possible ramifications for violations thereof.

{¶3}    The appellant thereafter appealed his conviction, arguing that the trial court improperly excluded probative evidence pursuant to Ohio's rape shield statute, and that the jury's finding that he was guilty of aiding and abetting rape was not supported by sufficient evidence. The appellee did not file an appeal or cross-appeal. This Court affirmed the appellant's conviction in *State v. Brown*, 2017-Ohio-1114 (5th Dist.).

{¶4}    The appellant completed his mandatory seven year term, and was released from prison on April 30, 2023. On May 16, 2023, he filed a motion with the trial court seeking to terminate or vacate the five year post release control sanction, arguing that

the trial court did not properly advise him regarding post release control during the June 13, 2016 sentencing hearing.

{¶5} On June 9, 2023, the trial court conducted a hearing on the appellant's motion and the issue of post release control. The trial court denied the appellant's motion, and "re-sentenced" the appellant in order to fully apprise him of the conditions of post release control and potential sanctions for violations. The appellant moved for reconsideration of his May 16, 2023 motion, which the trial court overruled.

{¶6} The appellant filed a timely appeal, setting forth the following sole assignment of error:

{¶7} "I. THE TRIAL COURT ERRED IN OVERRULING BROWN'S MOTION OF MAY 16, 2023."

## ANALYSIS

{¶8} The issue of re-sentencing an offender in order to properly impose post release control was recently addressed by the Ohio Supreme Court in *State v. Bates*, 2022-Ohio-475. In *Bates,* the defendant was sentenced to a nine-year prison term for kidnapping, rape, and robbery, including a term of post release control (PCR.) During the original sentencing hearing the trial court did not advise the defendant of the requirements of PCR, nor of the potential ramifications of violating the terms of PCR. Ten years after he was sentenced, following a classification hearing on the defendant's sexual-predator status at which the prosecutor raised an issue regarding the imposition of PCR, the trial court issued an entry regarding sentencing that included notice of the consequences of violating PCR.

{¶9}    The Supreme Court held that when a trial court does not properly advise a defendant regarding the requirements of PCR and the possible consequences for violating said requirements, it is the State that is aggrieved since it invalidates that portion of the sentence. The State did not appeal of that issue and, as a result, the PCR sanction was voidable. When the defendant sought to set aside the PCR sanction, the failure to appeal the trial court's omission regarding the requirements of PCR was subject to res judicata. Accordingly, the PCR sanction could not be corrected via a "re-sentencing" hearing.

{¶10}  In the case sub judice, the trial court failed to provide notice to the appellant during the June 13, 2016 sentencing hearing of the requirements of PCR and the consequences of its violations.  Based upon the reasoning set forth in *Bates,* it was the appellee's burden to raise this error on direct appeal in order to ensure that the PCR sanction was properly imposed. Because the appellee failed to do so, res judicata bars collateral attack on the original sentence and precludes a new sentencing entry, entered after the appellant has completed his prison term, providing notice of his PCR obligations and potential consequences for violations of said terms.

{¶11}  We are bound by the Supreme Court's decision in *Bates*, to which the facts and issues in this case are very similar. The trial court did not provide the appellant with notice regarding his PCR obligations during the original sentencing hearing, and attempted to correct this with a resentencing hearing conducted after the appellant's release from prison. The trial court's lack of notice to the appellant at the time of his initial sentencing hearing regarding the requirements of PCR and potential penalties for violations thereof rendered that portion of the appellant's sentence voidable. Further, res

judicata prevents the trial court from correcting this omission with a resentencing hearing, as it was the duty of the appellee to raise the issue of the inadequate notice on direct appeal if it desired that portion of the original sentence to be imposed. The appellee did not raise this issue on direct appeal, and therefore waived the right to raise it in a subsequent appeal. Based upon the *Bates* reasoning, the trial court had neither the authority nor the jurisdiction to re-impose post release control sanctions once the appellant sought to void the voidable PCR portion of his sentence after his release from prison. The appellant's assignment of error is therefore sustained.

## CONCLUSION

{¶12} Based upon the foregoing, the sanction of five years post release control imposed upon the appellant by the Richland County Court of Common Pleas is hereby vacated.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.